UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER ALCIDES VIDAL
VAZQUEZ,

      Petitioner,

    v.                         Case No.:  2:26-cv-01020-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

                                  /

## OPINION AND ORDER

Before the Court are petitioner Alexander Alcides Vidal Vazquez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Vidal Vazquez is a native of Cuba who entered the United States on March 7, 2008.  Immigration and Customs Enforcement ("ICE") issued a notice to appear and released him on his own recognizance.  In 2010, Vidal Vazquez was convicted of petit theft, and Citizenship and Immigration Services denied his application for adjustment of status.  On March 20, 2012, an immigration judge ordered him removed to Cuba.  ICE detained Vidal Vazquez from January 9, 2013, to April 15, 2013, when it released him on an order of supervision.

On December 5, 2025, the Florida Department of Financial Services arrested Vidal Vasquez during a traffic stop and handed him over to ICE. Cuba refused to accept Vidal Vasquez for repatriation, and he is currently detained at Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Vidal Vazquez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Vidal Vazquez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Cuba in 2013, and Cuba refused to repatriate him following his arrest in December 2025. The burden thus shifts to the

government.   In a declaration attached to the government's response, a deportation officer claims Vidal Vazquez "has taken actions that prevent or hamper is departure[,]" but he does not state what Vidal Vazquez did.  (Doc. 3-9).  Nor does he explain how ICE intends to execute the removal order.

The Court finds no significant likelihood Vidal Vazquez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Vidal Vazquez to "assur[e] [his] presence at the moment of removal."  *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Alexander Alcides Vidal Vazquez Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Vidal Vazquez within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record